NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10127 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00150-JAM-1 2:19-cr-00150-JAM |
| v. | |
| JASON A. TOBEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 15, 2021
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and BADE, Circuit Judges.

Jason Tobey appeals his conviction for threatening or intimidating a forest

officer engaged in performance of official duties in violation of 36 C.F.R. § 261.3,

a class B misdemeanor. He challenges the magistrate judge's denial of his request

to discharge retained counsel and for the appointment of counsel.[1] We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Tobey appealed to the district court under 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g). The district court affirmed and determined that review of Tobey's challenges to the magistrate judge's rulings regarding counsel

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The magistrate judge did not abuse his direction in denying Tobey's request to discharge counsel. *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010). When a defendant seeks to discharge retained counsel, the defendant may generally do so "for any reason or no reason" as long as doing so is not outweighed by "purposes inherent in the fair, efficient and orderly administration of justice." *Id.* at 979-80 (citations omitted).

Tobey waited until the eve of trial to request a change of counsel. The magistrate judge found that granting the motion would have substantially burdened the court and the government as at least one witness was already *en route* to California from Georgia, while others were preparing to travel for trial. The magistrate judge thus did not abuse his discretion by denying Tobey's request to discharge counsel. *See Rivera-Corona*, 618 F.3d at 979-80."

2.      Because the magistrate judge denied Tobey's request to discharge counsel, he did not abuse his discretion by not considering whether to appoint counsel under 18 U.S.C. § 3006A. *See United States v. Brown*, 785 F.3d 1337, 1345 (9th Cir.

---

were unripe. The parties dispute the district court's resolution of the ripeness issue and at oral argument broadened the ripeness arguments beyond those set forth in the briefs. We review the magistrate judge's denial of the request for substitution of counsel for an abuse of discretion, and, under the circumstances of the case, reject the parties' broader arguments. *See United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010) (reviewing for abuse of discretion when district court denied motion to substitute retained counsel with appointed counsel).

2015).

**AFFIRMED.**